# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PROLITEC, INC.,

        **Plaintiff,**

v.                                          Case No. 12-C-483

SCENTAIR TECHNOLOGIES, INC.,

        **Defendant.**

# DECISION AND ORDER

The parties' joint Rule 26(f) Report set forth their disagreements with respect to various issues. Many of those disputes were resolved during the September 4, 2012, scheduling conference. The remaining two issues are addressed herein.

## SCOPE OF DISCOVERY

The parties disagree with respect to the scope of discovery prior to the Court's issuance of its claim construction decision. Plaintiff Prolitec, Inc. ("Prolitec") asserts that discovery should be open on all issues throughout the entire action; Defendant Scentair Technologies, Inc. ("ScentAir") maintains that, after the exchange of infringement and invalidity contentions, fact discovery should be divided into two stages: (1) claim construction fact discovery until the Court issues its claim construction order; and (2) thereafter all other fact discovery.

Having considered the positions of the parties, the Court concludes that all fact discovery should proceed immediately so that all asserted patents and all accused products can be set out early in the case. Ultimately, proceeding in that manner will be the most cost-efficient means of conducting discovery. Staged fact discovery would unnecessarily prolong and complicate the case.

## SCOPE OF INFRINGEMENT DISCLOSURES

The parties agree to the disclosure of infringement contentions, but disagree as to what documents should be produced. ScentAir has presented a list of six types of documents that it believes should be disclosed and indicates that its proposal is consistent with the procedures adopted by other federal District Courts; e.g., the Patent Local Rules in the Northern District of California.

ScentAir's "wish" list[1] is as follows:

> The following documents shall accompany infringement contentions (subject to entry of a suitable protective order for any such documents that are confidential): (1) a copy of the prosecution history for the '068 patent; (2) all documents evidencing ownership of the '068 patent; (3) documents sufficient to show any third party discussions, sales or offers to sell, or public use of the claimed invention prior to the filing date of the '068 patent; (4) all documents supporting the contentions of infringement; (5) all documents supporting conception and/or reduction to practice; and (6) documents sufficient to show operation of any aspects or elements of any products or processes that Prolitec relies upon as embodying any asserted claims.

---

[1] ScentAir's list references only the '068 Patent. However, at the scheduling conference, Prolitec indicated that it will file an Amended Complaint adding infringement allegations with respect to U.S. Patent No. 7,712,683. The Court's ruling regarding infringement document disclosures applies to both patents.

Prolitec concurs as to only the first two types of documents and objects to the additional proposed infringement disclosures, asserting that they are effectively a comprehensive set of defendant-oriented discovery requests.

The Court concludes that disclosure of the six categories of documents sought by ScentAir will help narrow the issues and, thus, effectively focus discovery in this action. The proposed scope of disclosures is also consistent with the disclosures required by Local Patent Rule 2.1(a) of the Northern District of Illinois. While this District does not have local patent rules, as a district court within this Circuit, the Northern District of Illinois's local patent rules provide helpful guidance.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Prolitec's request that all fact discovery proceed immediately is **GRANTED**; and

ScentAir's request that Prolitec produce the six categories of infringement related documents is **GRANTED**.

Dated at Milwaukee, Wisconsin this 7th day of September, 2012.

BY THE COURT

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

3
Case 2:12-cv-00483-RTR   Filed 09/07/12   Page 3 of 3   Document 17