# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**Prolitec Inc.,**

       Plaintiff,                              **Case No. 2:12-cv-483 (RTR)**

       v.

**ScentAir Technologies, Inc.,**

       Defendant.

*Civil L. R. 7(h) Expedited Non-Dispositive Motion*
**SCENTAIR TECHNOLOGIES, INC.'S MOTION TO STRIKE OR COMPEL AS TO PROLITEC INC'S DEFICIENT INFRINGEMENT CONTENTIONS**

Plaintiff Prolitec's Infringement Contentions are deficient in several significant respects, prejudicing ScentAir. Prolitec refuses to acknowledge or remedy its failure to meet the letter and spirit of the Court's orders on patent disclosures. Thus, ScentAir moves the Court to strike Prolitec's deficient Infringement Contentions or, in the alternative, to compel proper ones.[1]

***Prolitec's Pattern of Deception and Delay***: Prolitec first accused ScentAir of infringing U.S. Patent No. 7,930,068 ("the '068 patent") with the ScentDirect line of aroma delivery products over nine months ago, in a cursory letter dated February 13, 2012. Decl. ¶2, Exs. 1, 2. ScentAir promptly responded February 28th: "it is possible for ScentAir to engage in a meaningful and good faith discussion only after receiving an element-by-element mapping of any and all claims believed to be implicated by ScentAir's products." *Id.*

No element-by-element mapping was received; instead, Prolitec sued ScentAir in May, then broadened its accusations to add U.S. Patent No. 7,712,683 ("the '683 patent") and ScentAir's ScentStream product line in September. The Court ordered disclosure of Prolitec's Infringement Contentions by November, along with six categories of documents, noting such disclosures would "narrow the issues and, thus, effectively focus discovery in this action," and citing the Northern District of Illinois' patent rules as "helpful guidance." Dkt. Nos. 16, 17 at 3; *see also Fujitsu Ltd. v. Tellabs Operations Inc.*, No. 09-4530, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012) (C.J. Holderman) (patent contentions "are meant to prevent a 'shifting sands' approach…by forcing the parties to 'crystallize their theories of the case early in litigation.'" *citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed.Cir.2006).)

---

[1] ScentAir and its counsel certify they have in good faith conferred with Prolitec and its counsel in an effort to obtain proper infringement contentions without court action. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 7(h), 37; Declaration of Aaron T. Olejniczak ("Decl.") at ¶2, Ex. 3-5. The parties were unable to reach an accord; instead, Prolitec sought to preempt ScentAir by filing its own motion (Dkt. No. 24)—improper on a number of grounds, as addressed in ScentAir's opposition, also filed today in order to consolidate briefing for the convenience of the Court.

2

Prolitec's Infringement Contentions are wholly inadequate, utterly failing to focus discovery in this action. Decl. ¶3, Exs. 6, 7. Indeed, Prolitec fails in every instance to identify "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement." *ConnectTel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (ordering amended infringement contentions, noting patentees "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail"). Specific examples of Prolitec's deficiencies (*see further* Decl. ¶3):

***Prolitec Fails to Show Where Each Element of Each Asserted Claim Is Found Within Specifically Accused Products***: At their core, infringement contentions map claim elements to products (*see, e.g.*, N.D. Ill. LPR 2.2(b), (c))—ScentAir specifically requested such a mapping in February, and the Court ordered it in September. Yet Prolitec's vague, conclusory Contentions simply mimic claim language, with little or no evidence presented.[2] Decl. ¶3 Row (b). Prolitec's ScentDirect analysis as to an element of the '683 patent's claim 2, for example:

| a housing including a source of compressed gas and a recess for receiving a removable liquid cartridge; | The accused product includes a housing which further includes a source of compressed gas, and a recess for receiving a removable liquid cartridge. |
|---|---|

Indeed, *Prolitec's '068-ScentStream chart is devoid of a single quote, citation, photo, or diagram supporting its broad contentions*. Where it does present evidence, Prolitec fails to link it to the limitations of the claim—for example, the "diffusion means" of the '068 patent's claim 1 as to the ScentDirect product.[3] *Id*. ¶3 Row (c). Elsewhere, claim elements are left entirely unaddressed— "second chamber" for the '683 patent's claim 1, for example, as to both the ScentDirect and

---

[2] *See, e.g., Shared Memory Graphics LLC v. Apple Inc.*, 2011 WL 3878388 (N.D. Cal. 2011) (striking contentions not disclosing circuitry corresponding to claimed frame buffer memory).
[3] *See, e.g., Network Caching Technology, LLC v. Novell, Inc.*, 67 U.S.P.Q.2d 1034 (N.D. Cal. 2002) (striking contentions "providing no link between the quoted passages and the infringement contention that simply mimics the language of the claim").

3

ScentStream. *Id.* ¶3 Row (a). Moreover, the ScentDirect and ScentStream product lines each include a number of models; instead of specifying models, Prolitec makes blanket product line accusations.

*Further, (1) Prolitec's Contention Documentation Is Incomplete, and (2) Its Contentions Are Insufficient as To Indirect Infringement, Means-Plus-Function Limitations, the Doctrine of Equivalents, and Marking*: First, there are a number of significant gaps in Prolitec's anemic production relative to the six categories of documents ordered by the Court. Decl. ¶4. Second, N.D. Ill. LPR 2.2 sets forth additional essential categories of contentions expected of plaintiffs for certain infringement aspects; Prolitec neglects them.[4] Decl. ¶3.

*The Prejudice to ScentAir Is Unquestionable*: Prolitec dragged ScentAir to court, yet failed to inform ScentAir of the very infringement Prolitec alleges. Meanwhile, ScentAir is obliged to provide its Invalidity Contentions (Decl. ¶5, Ex. 5) and prepare for claim construction, starting with identification of terms for construction January 11. Prolitec declines to "crystallize [its] theories of the case early in the litigation." *See 02 Micro Int'l, Ltd.*, 467 F.3d at 1364-6.[5] Its gamesmanship is a costly, unjust gambit, prejudicing ScentAir and, ultimately, the Court.

Accordingly, Prolitec's deficient Infringement Contentions should be stricken, or proper ones should be compelled, pursuant to the attached proposed order. Additionally, ScentAir seeks expenses associated with this motion, as Prolitec's response was "not substantially justified." *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A); *Teed v. JT Packard & Assocs., Inc.*, No. 10–MISC–23, 2010 WL 2925902, at *3 (E.D. Wis. 2010) (J. Randa) (awarding attorneys' fees and costs); Decl. ¶2.

---

[4] *See, e.g.*, *Morningware, Inc. v. Hearthware Home Products, Inc.*, No. 09-C-4348, 2010 WL 3781254, at *7 (N.D. Ill. 2010) (striking deficient contentions as to doctrine of equivalents).
[5] *See also ConnectTel, LLC*, 391 F. Supp. 2d at 528 ("Because of [plaintiff's infringement contention] deficiencies, [defendant] is unable to crystallize its non-infringement and invalidity theories, and the parties are hindered in identifying what claim terms need construction.")

4

December 17, 2012    *s/Aaron T. Olejniczak*
George Solveson
Aaron Olejniczak
ANDRUS, SCEALES, STARKE & SAWALL LLP
100 East Wisconsin Ave., Suite 1100
Milwaukee, WI 53202
Phone: 414-271-7590
Fax: 414-271-5770
Email: georges@andruslaw.com,
aarono@andruslaw.com

Michael J. McKeon
W. Karl Renner
Joshua B. Pond
FISH & RICHARDSON P.C.
1425 K Street N.W., 11th Floor
Washington, DC 20005
Phone: 202-783-5070
Fax: 202-783-2331
Email: mckeon@fr.com, renner@fr.com,
pond@fr.com

Christopher S. Marchese
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070
Fax: 858-678-5099
Email: marchese@fr.com

*Attorneys for Defendant, ScentAir Technologies, Inc.*

## Certificate of Service

I hereby certify that on this 17th day of December, 2012 a true and correct copy of the foregoing SCENTAIR TECHNOLOGIES, INC.'S MOTION TO STRIKE OR COMPEL AS TO PROLITEC INC'S DEFICIENT INFRINGEMENT CONTENTIONS was served via electronic mail upon the following:

James D. Peterson
Jennifer L. Gregor
Andrew C. Landsman
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-254-0609
jpeterson@gklaw.com
jgregor@gklaw.com
alandsman@gklaw.com

Nicholas A. Kees
Anthony S. Baish
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
nakees@gklaw.com
abaish@gklaw.com

*s/Marie G. Mikolainis*
Marie G. Mikolainis, Paralegal
ANDRUS, SCEALES, STARKE & SAWALL LLP
100 East Wisconsin Ave., Suite 1100
Milwaukee, WI 53202
Phone: 414-271-7590
Fax: 414-271-5770

6