# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PROLITEC, INC.,**

        **Plaintiff,**

v.                                  Case No. 12-C-483

**SCENTAIR TECHNOLOGIES, INC.,**

        **Defendant.**

# DECISION AND ORDER

This Decision and Order addresses the parties' stipulated protective order that was entered in error, as well as two expedited non-dispositive motions pending in this patent infringement action.

## Protective Order

The Court begins by addressing the protective order. On January 2, 2013, the parties filed a stipulated protective order. (ECF No. 31.) In error, the Court entered the order on January 9, 2013. (ECF No. 32.) The Court vacates that order because of problems with paragraph 14 relating to filing information that has been designated as confidential. At best, paragraph 14 is confusing. At worst, it is contrary to the controlling case law of the court of appeals for this Circuit and the procedure required by this District's local rules. *See* Civil Local Rule 26(e) (E.D. Wis.) & Committee Comment thereto, ¶ 3 (unnumbered).

Paragraph 14 begins by stating that "[a]ll transcripts, exhibits, discovery responses, and any other documents filed with the Court prior to trial that have been designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be filed and served consistent with General L. R. 79(d)." However, the order further provides that those materials are to be filed under seal without a court order and the necessary motion that would precede said order.

A party must file a motion to seal the subject documents or other material. The relevant case law emphasizes the right of public's access to documents filed with courts and the need for the filing party present facts establishing good cause for the sealing of a document. *See United States v. Foster,* 564 F.3d 852, 853 (7th Cir. 2009); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Even when the parties agree as to the need to protect information from public disclosure, the Court must determine whether there is good cause to seal documents that are filed in the action. *Citizens First Nat'l Bank of Princeton,* 178 F.3d at 944. The parties should revise paragraph 14 of their protective order to be consistent with the foregoing case law and rule. Reference to the provision of Civil Local Rule 26(e)(1)(G) and (H) may be helpful.

The Court also highlights two additional problems. The form of the protective order is unusual in that purports to be a stipulated protective order; however, the signature line for the Court precedes the signature lines of the parties. Ordinarily, the signature lines of the parties precede that of the Court. This matter is not simply one of form because the parties

2
Case 2:12-cv-00483-RTR   Filed 01/10/13   Page 2 of 7   Document 33

are presenting their stipulated protective order for the Court's approval and entry which is not suggested by the placement of the signature lines.

Until prompted by the Clerk of Court, the parties did not e-mail the proposed order in the Court's proposed order mailbox: RandaPO@wied.uscourts.gov They are reminded that any proposed order must be e-filed with the Clerk of Court **and** e-mailed to the Court's proposed order mailbox.

**Expedited Non-Dispositive Motions**

Plaintiff Prolitec, Inc. ("Prolitec") filed an expedited non-dispositive motion to compel Defendant Scentair Technologies, Inc. ("ScentAir") to respond fully to Prolitec's requests for production numbers two through six and ten. In opposition, Scentair asserts the motion is a ruse to divert attention from Prolitec's deficient infringement contentions, by racing to the Court with a routine discovery matter upon which the parties agree. Specifically, Scentair states that the parties were working on a protective order and were within days of submitting the proposed protective order, and within weeks of producing confidential materials that each is holding pending issuance of a protective order.

Having considered the parties' positions as articulated in their filings relative to this motion, Prolitec's motion is denied. Prolitec jumped the proverbial gun when it filed its motion to compel. Both parties were withholding confidential documents until they agreed upon the terms of a proposed protective order.

Scentair also filed an expedited non-dispositive motion to strike or, in the alternative, to compel as to Prolitec's infringement contentions. Scentair contends that

3

Prolitec's infringement contentions are deficient in several significant respects, prejudicing ScentAir, and that Prolitec refuses to acknowledge or remedy its failure to meet the letter and spirit of the Court's orders on patent disclosures.

Prolitec maintains that it has disclosed the essential aspects of its infringement contentions which is enough to allow ScentAir to conduct discovery, begin to prepare its defense, and prepare for claim construction, and it has "pledged" to supplement those contentions once ScentAir provides information about how the accused products work. However, Prolitec states that it needs detailed information — such as engineering drawings — showing the structure and function of the ScentDirect and ScentStream devices, which only ScentAir has, and that only after it has such information will it be able to provide detailed claim charts and determine whether ScentAir also infringes indirectly or under the doctrine of infringements.

Having reviewed the parties' briefs and related filings, the Court concludes that the problems articulated by Scentair have arisen because it has not produced the types of information that Prolitec needs to further refine its infringement contentions. This failure to produce has been due to the absence of a protective order. Therefore, Scentair's motion to strike or, in the alternative, compel is denied.

Each party requests an award of the expenses it incurred in responding to the other party's motion to compel. Fed. R. Civ. P. 37(a)(5)(B). Rule 37(a)(5)(A) through (C) of the Federal Rules of Civil Procedure governs their requests. Generally, the Rule requires that the Court award to the prevailing party reasonable attorney's fees incurred in filing or

4

defending a motion to compel discovery, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A). The parallel language in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in Rule 37 indicates that the term "substantially justified" should be interpreted consistently in both provisions. *See United States v. Kemper Money Market Fund, Inc.*, 781 F.2d 1268, 1279 (7th Cir. 1986) (citing *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 352 n.7 (D.D.C. 1982)). A position taken by a party is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F .3d 987, 990 (7th Cir. 2006)).

Prolitec's motion to compel is premature, does not involve a discovery dispute and, therefore, lacks a reasonable factual basis. Moreover, Prolitec's contentions lack a reasonable legal basis – it is not justified to a degree that could satisfy a reasonable person that it has a reasonable basis under the controlling federal case law. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Prolitec's motion to compel is not substantially justified and, it has not presented any other circumstances that make an award of expenses unjust. Accordingly, the Court awards Scentair its costs and disbursements, and reasonable actual attorneys' fees incurred in defending the motion to compel.

Scentair's motion to strike or compel is unfounded since Prolitec cannot refine its infringement contentions to the extent sought by Scentair until Scentair provides it with additional information. Scentair will not make those disclosures until a protective order has

been entered by the Court. Scentair's motion to compel is not substantially justified in law or fact and it has not established that an award of fees would be unjust. Therefore, the Court awards to Prolitec its costs and disbursements, and reasonable actual attorneys' fees incurred in defending the motion to strike or compel.

Under Rule 37(a)(5)(B), the Court cannot award such expenses until after the sanctioned party has an opportunity to respond. (*Id*.) Each party must file their itemized claim for such sums no later than January 30, 2013, together with supporting documentation. The request for attorneys' fees must be presented in a format that includes the hourly rates of the attorneys who worked on the motion response and provides a sufficient factual basis for the Court to determine the reasonableness of the hourly rates of those attorneys, and the reasonableness of the time that they devoted to the response. Additionally, each party must provide legal authority for the award of any claimed cost or disbursements. The sanctioned party may file a response to the opposing party's filings no later than February 11, 2013. Any reply to such responses must be filed no later than February 21, 2013. Alternatively, to conserve the parties' resources, the parties may suggest another resolution such as foregoing their respective rights to the award of expenses under Rule 37.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The parties' stipulated protective order filed January 8, 2013 (ECF No. 31) is **VACATED**;

Prolitec's expedited non-dispositive motion to compel is (ECF No. 24) is **DENIED**; and

ScentAir's expedited non-dispositive motion to strike or, in the alternative, to compel as to Prolitec's infringement contentions (ECF No. 28) is **DENIED**.

Each party **MUST** file their itemized claim for sums incurred in responding to the opposing party's motion to compel **no later than January 30, 2013,** together with supporting documentation consistent with this Decision and Order; and

The sanctioned party may respond to the opposing party's filings **no later than February 11, 2013**; and

Any reply to those responses must be filed **no later than February 21, 2013**.

Dated at Milwaukee, Wisconsin this 10th day of January, 2013.

BY THE COURT

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**