# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PROLITEC INC.,**

    **Plaintiff-Counterclaim Defendant**,

    -v-                              Case No. 12-C-483

**SCENTAIR TECHNOLOGIES, INC.,**

    **Defendant-Counterclaimant**.

---

## DECISION AND ORDER

Plaintiff Prolitec Inc. ("Prolitec") filed this action against the Defendant ScentAir Technologies ("ScentAir"), a competitor in fragranced air delivery systems—also referred to in the industry as "liquid diffusion devices." Prolitec alleges that ScentAir is infringing United States Patent Numbers 7,930,068 (the "'068 patent") and 7,712,683 (the "'683 patent"). Each patent is for a system and method of controlling operation of a liquid diffusion appliance. This Decision and Order addresses three pending motions.

### Motion to Stay

ScentAir filed a motion to stay the litigation pending *inter partes* review of the '068 and '683 patents by the United States Patent and Trademark Office ("PTO"). (ECF No. 47.) By its response, Prolitec states it does not oppose the motion. (ECF No. 53.)

District courts have the inherent authority to manage their dockets and stay proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). In 2011, Congress replaced *inter partes*

reexamination with a new proceeding called *inter partes* review. *Abbott Labs. v. Cordis Corp.,* 710 F.3d 1318, 1326 (Fed. Cir. 2013) (citing Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 299-304 (2011), to be codified at 35 U.S.C. §§ 311-319 (2013)). Under 35 U.S.C. § 311(b), as amended by the AIA, a petitioner in an *inter partes* review may request to cancel as unpatentable one or more claims of a patent only on a ground that could be raised under section 102 or 103 of Title 35 of the United States Code, and only on the basis of prior art consisting of patents or printed publications. *Inter partes* review was implemented effective September 12, 2012.

In the exercise of the Court's discretion, given the parties' agreement and to conserve the resources of the parties and this Court, the motion to stay is granted.

**Motions Regarding Prosecution Bar**

By a Civil Local Rule 7(h) expedited non-dispositive motion, Prolitec requests that the Court clarify the scope of the patent prosecution bar to explicitly permit its litigation attorneys James Peterson ("Peterson") and Jennifer Gregor ("Gregor") to participate in the *inter partes* review. (ECF No. 54.)

ScentAir opposes the motion, and filed a Civil Local Rule 7(h) motion to enjoin Peterson and Gregor from participating in the *inter partes* review. (ECF Nos. 56 & 58.) ScentAir also requests that, if Peterson and Gregor are not barred from the *inter partes* proceeding, they be prohibited from amending or adding claims during that process.

*Background*

The parties filed a stipulated amended proposed protective order on February 12, 2013. (ECF No. 39.) The Court approved that order on February 14, 2013. (ECF No. 42.) Paragraph 4 provides: "Material designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be used only in connection with this case, and for no other purpose." Paragraph 23 containing the prosecution bar states:

> Persons for a receiving party (including without limitation outside counsel and EXPERTS) who access "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials of any producing party shall not, for the period of this action and extending two (2) years following final resolution of this action, draft, supervise, assist, or advise in drafting or amending patent claims or patent specifications, in the U.S. or abroad, related to scent diffusion products or other subject matter of the "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials.

(ECF No. 39.) About three weeks after entry of the protective order, ScentAir filed its request for *inter partes* review of both patents by the PTO.

Both Gregor and Peterson have been admitted to practice before the PTO. (Gregor Decl. filed Apr. 24, 2013, ¶ 4, Ex A.) (ECF Nos. 61, 61-1.) Gregor is lead counsel before the PTO, and Peterson is backup counsel. Gregor and Peterson have been actively working on this case for more than a year, and have spent significant time analyzing prior art and patent validity issues raised by ScentAir in this action. (Gregor Decl. filed Apr. 11, 2013, ¶ 2.) (ECF No. 55.)

*Analysis*

In resolving the patent prosecution bar issues, district courts are required to apply Federal Circuit law because the issues implicate patent matters and require a nationally uniform rule. *See In re Deutsche Bank Trust Co. Americas,* 605 F.3d 1373, 1377-78 (Fed. Cir. 2010). Prosecution bars in patent actions arise from the recognition that, in some situations, protective order provisions specifying that designated confidential information may be used only for purposes of the current litigation, are insufficient and even the most rigorous efforts by the recipient of such information to preserve confidentiality in compliance with the protective order provisions may not prevent inadvertent compromise. *Id*. at 1378.

In *Deutsche Bank*, an action seeking mandamus requiring that the district court vacate its order exempting the lead counsel from the patent prosecution bar applied to the other counsel, the appeals court held that once the moving party has established the need for a prosecution bar and that the proposed bar is reasonable, the burden shifts to the party seeking an exemption from the prosecution bar, who must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation; and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs

the potential injury to the opposing party caused by such inadvertent use. 605 F.3d at 1381. At the last step of analysis, it is "important for a court, in assessing the propriety of an exemption from a patent prosecution bar, to examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis." *Id.* at 1380.[1] *Deutsche Bank* addressed a bar involving patent prosecution. However, *Deutsche Bank* has been applied in other contexts. *See Xerox Corp. v. Google, Inc.,* 270 F.R.D. 182, 184 (D. Del. 2010) (PTO re-examination).

In this action the parties agreed to the prosecution bar. However, they differ on whether the prosecution bar applies to *inter partes* review. Prolitec asserts that *inter partes* review is not mentioned in paragraph 23. ScentAir maintains that the protective order was negotiated to broadly bar claim drafting and amendments in diverse proceedings before the PTO.

*Inter partes* review is not mentioned in paragraph 23. However, paragraph 4 of the protective order specifies that material designated as confidential or confidential-attorneys' eyes only "shall be used only in connection with **this case**, and for no other purpose." (Emphasis added.) Paragraph 23 also states that the bar exists "for the period of this action and extending two (2) years." "This case" refers to this federal court

---

[1] The Court has reviewed all the district court decisions cited by the parties. However, most of those non-binding decisions are readily distinguishable because they involved deciding whether to impose a prosecution bar, not the interpretation of one. *See e.g. Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC,* No. CV-11-02304-PHX-NVW, 2012 WL 6049746 (D. Ariz. Dec. 5, 2012); *NeXedge, LLC v. Freescale Semiconductor, Inc*., 820 F. Supp. 2d 1040 (D. Ariz. 2011) (declining to impose a prosecution bar regarding pre-AIA reexamination); *Ameranth, Inc. v. Pizza Hut, Inc*., No. 3:11-CV-01810-JLS-NLS, 2012 WL 528248 (S.D. Cal. Feb. 17, 2012) (same).

litigation. *See Xerox Corp.*, 270 F.R.D. at 184.

Furthermore, no procedures are mentioned in paragraph 23. Instead, the limitations are defined by the types of action that are prohibited, which include drafting, supervising, assisting, or advising in drafting or amending patent claims or patent specifications. It is undisputed that the *inter partes* review may include amendment of patent claims. Therefore, *inter partes* review falls within the scope of the prosecution bar. *See id.*

Having concluded that the prosecution bar prevents Gregor and Peterson from engaging in the *inter partes* review, the next inquiry is whether Prolitec has shown that the involvement of Gregor and Peterson, as individual attorneys, in the *inter partes* proceeding before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation. Not every patent prosecution attorney is necessarily involved in competitive decisionmaking. *Deutsche Bank*, 605 F.3d at 1379. *Deutsche Bank* distinguished administrative and oversight duties, which pose a less significant risk of inadvertent disclosure, from activities in which counsel play a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios," which poses a more significant risk. *Id.* at 1379-80. In order to determine the risk, courts must "examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis." *Id.* at 1380.

Prolitec provides few specific facts regarding counsel's role in the *inter partes* review. It asserts that the *inter partes* proceeding will not implicate competitive decisionmaking, citing 37 C.F.R. 42.121,[2] and asserting there is only a "minor opportunity to amend" the claims.

The regulation, set forth in footnote two below, states that amendment of the claims may include substitution of a claim—or possibly claims. Additional motions to amend may also be authorized upon good cause or a joint request that materially advances settlement. The *inter partes* proceeding affords opportunities to amend the claims that are more flexible than implied by Prolitec. Prolitec has not established that

---

[2] Section 42.121 of the Title 37 of the Code of Federal Regulations provides:

> (a) Motion to amend. A patent owner may file one motion to amend a patent, but only after conferring with the Board.
>
> (1) Due date. Unless a due date is provided in a Board order, a motion to amend must be filed no later than the filing of a patent owner response.
>
> (2) Scope. A motion to amend may be denied where:
>
> (i) The amendment does not respond to a ground of unpatentability involved in the trial; or
>
> (ii) The amendment seeks to enlarge the scope of the claims of the patent or introduce new subject matter.
>
> (3) A reasonable number of substitute claims. A motion to amend may cancel a challenged claim or propose a reasonable number of substitute claims. The presumption is that only one substitute claim would be needed to replace each challenged claim, and it may be rebutted by a demonstration of need.
>
> * * * *
>
> (c) Additional motion to amend. In addition to the requirements set forth in paragraphs (a) and (b) of this section, any additional motion to amend may not be filed without Board authorization. An additional motion to amend may be authorized when there is a good cause showing or a joint request of the petitioner and the patent owner to materially advance a settlement.

Gregor and Peterson will not be involved in competitive decisionmaking. *See e.g. Bear Creek Techs. Inc. v. Verizon Servs. Corp.,* MDL No. 12-md-2344 (GMS), 12-cv-600 (GMS), 2012 WL 3190762, at *2, n.6 (D. Del. July 25, 2012).

With respect to balancing the relative prejudice to the parties, Prolitec indicates that it needs litigation counsel (Gregor and Peterson), not prosecution counsel, to assist it in the *inter partes* review because it will have to conduct discovery, respond to at least two expert declarations, and present oral argument, and it would be greatly prejudiced if it had to rely on prosecution counsel. Gregor and Peterson also have been working on this case for more than a year and have been analyzing the prior art based on the ScentAir's challenges in this litigation.

ScentAir counters that neither Gregor nor Peterson have appeared before the PTO, and Prolitec has a long-standing relationship with other lawyers, at the same law firm that employs Gregor and Peterson, who handle patent prosecution. ScentAir also states that Gregor and Peterson's participation in the *inter partes* review proceeding would prejudice ScentAir because they have reviewed numerous engineering documents disclosing minute details of the accused products which would be inaccessible from the actual products.

As a threshold matter, Prolitec has not shown that Gregor or Peterson would not be involved in competitive decisionmaking. However, the purpose of this particular AIA reform was to "convert[ ] *inter partes* reexamination from an examinational to an adjudicative proceeding." *Abbott Labs*, 710 F.3d at 1326 (citations omitted).

Prolitec has established that the litigation skills of Gregor and Peterson will be required during the *inter partes* review. Depriving Prolitec of the specialized representation of Gregor and Peterson in the *inter partes* review would force them to rely on counsel in that process who lack litigation skills. While Prolitec has not shown that counsels' participation would not potentially implicate competitive decisionmaking, ScentAir's concern regarding inadvertent use of confidential information is insufficient to overcome the potential harm to Prolitec. Prolitec's interests outweigh those of ScentAir.

This Court will allow Gregor and Peterson to participate in the *inter partes* review. However, to accommodate ScentAir's concerns, neither Gregor nor Peterson may amend, substitute, or add claims to either patent during that proceeding. *See Hochstein v. Microsoft Corp.,* No. 04-73071, 2008 WL 4387594, at *2 (E.D. Mich. Sept. 24, 2008). As a practical matter Prolitec may decide to substitute one of its prosecution attorneys for one of its litigation counsel in the PTO *inter partes* review, however that is beyond the purview of this decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

ScentAir's motion to stay the litigation pending *inter partes* review of the two asserted patents (ECF No. 47) is **GRANTED**;

The Clerk of Court is **DIRECTED** to close this matter for statistical purposes only. The matter will be reopened upon the filing of a statement advising the Court that the *inter partes* review with respect to the two patents has been completed;

Prolitec's Civil Local Rule 7(h) expedited non-dispositive motion to clarify the scope of the patent prosecution bar (ECF No. 54) is **GRANTED** to the extent that Gregor and Peterson may participate in the *inter partes* review; however, neither may amend, substitute, or add claims to either patent during that proceeding; and

ScentAir's motion to enjoin Gregor and Peterson from participating in *inter partes* review before the PTO (ECF No. 56) is **GRANTED** to the extent that neither may amend, substitute, or add claims to either patent during that proceeding.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**