UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PROLITEC INC.,

          Plaintiff,

                                                        Case No. 12-cv-0483-bhl

    v.

SCENTAIR TECHNOLOGIES INC.,

          Defendant.

# ORDER

On December 2, 2020, the Court granted summary judgment and judgment on the pleadings in favor of Defendant ScentAir Technologies Inc. and against Plaintiff Prolitec Inc. (ECF No. 76.) Based on that judgment, ScentAir now seeks $18,117.84 from Prolitec for costs authorized by 28 U.S.C. §1920. (ECF No. 79.) ScentAir also seeks $29,383.20 in attorneys' fees under 35 U.S.C. §285, the Patent Act's fee-shifting provision, which allows for an award of fees in "exceptional" cases. (ECF No. 83.) After reviewing the relevant filings, for the reasons stated below, the Court awards ScentAir $3,431.26 in costs and $29,383.20 in attorneys' fees.

## BACKGROUND

On May 15, 2012, Prolitec filed a patent infringement suit against ScentAir related to two patents – U.S. Patent Numbers 7,930,068 ('068 patent) and 7,712,683 ('683 patent). Shortly after the case was filed, this Court granted ScentAir's unopposed motion to stay the proceedings to allow *inter partes* review of the two relevant patents. The stay ended up lasting seven years as the parties litigated before the Patent Trial and Appeal Board (PTAB) and the Court of Appeals for the Federal Circuit.

On June 26, 2014, the PTAB initially found all of plaintiff's asserted claims of the '683 patent unpatentable and denied Prolitec's attempt to amend the patent. *ScentAir Techs., Inc. v. Prolitec, Inc.*, IPR 2013-00179, Paper 60 (PTAB). On July 18, 2014, the PTAB found all of plaintiff's asserted claims of the '068 patent unpatentable. *ScentAir Techs., Inc. v. Prolitec, Inc.*, IPR 2013-00180, Paper 47 (PTAB). Prolitec appealed the PTAB's decision on the '683 patent

and, after an en banc Court of Appeals for the Federal Circuit remanded the case, the PTAB issued a new final written decision. IPR 2013-00179, Paper 84. The final written decision on remand maintained that all Prolitec's asserted claims of the '683 patent in this case were unpatentable but granted Prolitec's motion to amend and added amended claim 3 to the '683 patent. *Id.* This completed the *inter partes* review proceedings for both patents.

On October 2, 2020, the parties returned to this Court and ScentAir filed a motion to reopen the case, for summary judgment, and for judgment on the pleadings. (ECF No. 65.) Because amended claim 3 of the '683 patent had not been asserted in this case, ScentAir sought relief only on claims 1 and 2 of the '683 patent; it did not seek any relief from the Court related to the amended claim (claim 3). (*Id.*) Despite acknowledging that amended claim 3 was not asserted in this case, Prolitec refused to consent to entry of judgment on ScentAir's motion. (ECF No. 70.) Instead, Prolitec insisted on partially opposing the motion, conceding that judgment was appropriate on the *asserted* claims, but asking the Court to "deny ScentAir's Motion to the extent that it seeks relief as to substitute claim 3 of the '683 patent." (*Id.*)

On December 2, 2020, the Court granted ScentAir's motion for summary judgment and judgment on the pleadings. (ECF No. 76.) On December 16, 2020, ScentAir filed the bill of costs and motion for attorneys' fees that are now before the Court.

## ANALYSIS

**I. ScentAir Is Only Entitled to Costs Related to This Case under 35 U.S.C. §1920.**

The Court may tax a prevailing party's costs to the losing party under Fed. R. Civ. P. 54(d) if the specific expense is authorized by a federal statute. *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 701 (7th Cir. 2008). Congress has authorized the Court to tax: "(1) Fees of the clerk…; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; … (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; … (6) Compensation of … interpreters … under section 1828 of this title." 28 U.S.C. §1920. "[I]n addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little*, 514 F.3d at 702 (citing *Cenger v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1582-83 (7th Cir. 1990)). "A district court's determination that a particular cost is reasonable and necessary will not

be overturned absent an abuse of discretion." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009) (citing *Manley v. City of Chicago*, 236 F.3d 392, 298 (7th Cir. 2001).

ScentAir seeks $18,117.84 in costs from Prolitec pursuant to 28 U.S.C. §1920. (ECF No. 79.) The requested costs can be broken down as follows: (1) $844.00 in fees of the clerk; (2) $7,257.97 in fees for printed or electronically recorded transcripts; (3) $4,828.40 in fees for exemplification and the costs of makings copies; and (4) $5,187.47 in compensation of interpreters under 28 U.S.C. §1828. Prolitec objects to all the fees except for $2,587.26 of the fees for exemplification and the costs of making copies. (ECF No. 93 at 8.)

The Court will tax Prolitec the $844 paid to the clerk. In a declaration filed with the bill of costs, counsel for the defendant states that $844.00 were paid in fees to "the Clerk for *pro hac vice* admission of" four attorneys for defendant.[1] Prolitec argues that these fees are not taxable and cites to *Adler v. B.C Ziegler & Co.*, 2006 WL 3771825, at *1 (E.D. Wis. Dec. 21, 2006) ("[T]his Court, along with other courts, does not believe that admission fees are appropriately taxable"). The *Adler* case does not support the argument that these fees are not taxable; it only states that "courts have the discretion to tax as costs the [admission] fees of the clerk." *Id.* The Seventh Circuit has confirmed that this is within the discretion of the Court. *See United States v. Emergency Medical Associates of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006) (finding that the district court's taxing of admission fees was not an abuse of discretion). Therefore, the Court will exercise its discretion and authorize the taxing of the admission fees.

Prolitec concedes that $2,587.26 is properly taxable under 28 U.S.C. §1920(4), (ECF No. 93 at 8), and the Court will tax Prolitec that amount. The Court will not tax Prolitec the additional $2,241.14 in fees for exemplification and copies, the $7,257.97 for court reporting services, or the $5,187.47 for translating certain foreign language patents to English. ScentAir concedes that these costs were incurred during the *inter partes* review. But it contends they are nevertheless taxable because they "essentially substituted the higher costs that would have otherwise been expended here. In other words, they were 'necessarily obtained' in furtherance of this case." (ECF No. 91 at 4.) It is not clear that 28 U.S.C. §1920 authorizes the Court to tax *inter parte* review costs

---

[1] Despite defendant's declaration, the Eastern District of Wisconsin does not authorize *pro hac vice* admissions. *See* Gen. L. R. 83(c)(2)(E). The four attorneys referenced in the declaration were admitted to practice in the Eastern District of Wisconsin.

incurred while this case was stayed, and, even if the statute does authorize the Court to tax such costs, the Court believes these costs are too attenuated to this case, and will disallow them.

II.     **Prolitec's Unnecessary and Meritless Challenges to the Entry of Judgment Make this an "Exceptional" Case under 35 U.S.C. §285.**

Section 285 of the Patent Act allows a district court to award reasonable attorneys' fees to a prevailing party in "exceptional" cases. An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position … or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). In determining whether a case is exceptional, a district court considers "the totality of the circumstances" and the decision to award attorneys' fees is one of "equitable discretion." *Id.* A case may also become exceptional during the course of the litigation, *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1362 (Fed. Cir. 2017), and "a district court has discretion, in an appropriate case, to find a case exceptional based on a single, isolated act," *Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019).

ScentAir argues this case is exceptional because Prolitec refused to agree to dismiss the case, unnecessarily requiring ScentAir to expend resources, and then "advanced unfounded legal theories in its improper attempt to have this Court enter an advisory opinion on an unasserted amended patent claim." (ECF No. 83.) Prolitec disagrees, and argues it was concerned about "preclusion or estoppel doctrines" that may prevent it from pursing future claims with regards to amended claim 3. (ECF No. 89.) Prolitec cites to *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335 (Fed. Cir. 2012) to support its argument, but then quickly admits that *Aspex* is "factually distinguishable from the present case." (ECF No. 89.) Based on the totality of the circumstances, when analyzing Prolitec's "litigating position (considering both the governing law and the facts of the case)," this case became "exceptional" when Prolitec partially opposed defendant's dispositive motion. *See Octane Fitness*, 572 U.S. at 554. Prolitec's only reason for its partial opposition was to ask the Court to include "this Order does not apply to substitute claim 3 of the '683 patent" in the Court's order granting ScentAir's dispositive motion. (ECF No. 70-1.) In doing so, Prolitec needlessly extended the case by insisting that a claim admittedly not before the Court and not subject to the judgment, was not before the Court and not subject to the judgment. Therefore, the Court will award reasonable attorneys' fees to ScentAir.

A court calculates attorneys' fees using the "lodestar" amount: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). The court may then adjust the figure depending on a variety of factors, including the time and labor required, the novelty and difficulty of the issue, the degree of success achieved, the experience and ability of the attorneys, the amount involved and the results obtained, and awards in similar cases. *Hensley*, 461 U.S. at 429-30 n.3. The party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the fees. *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted).

ScentAir seeks $29,383.20 in attorneys' fees and argues that this amount is reasonable and necessary because it is the amount of fees incurred in bringing the motions necessary to close the case. (ECF No. 84.) In Prolitec's response brief, it fails to address whether this is a reasonable amount of fees if the Court finds the case is exceptional. In a declaration filed with relevant invoices, ScentAir has established that it spent 67.5 hours working on the motion and necessary briefs for an average hourly rate of approximately $435 per hour. (ECF No. 85.) After considering the factors identified by the Supreme Court in *Hensley*, the Court finds this to be a reasonable rate and number of hours expended on the motion. Therefore, Prolitec must pay ScentAir's attorneys' fees totaling $29,383.20.[2]

---

[2] ScentAir has also filed two motions seeking to restrict access to the supporting declaration and three supporting exhibits so that only case participants could view these documents. (ECF Nos. 81, 82.) The motion states these documents "contain highly confidential and sensitive information regarding the hourly rates for Defendants' attorneys and descriptions of attorney work performed." (*Id.*) The motions are unopposed. However, the Court has a responsibility to the public to keep court filings, to the maximum extent possible, open to the public. *See Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002). Although defendant's counsel may wish to keep the hourly rate that they charge confidential, when they ask the Court to use that information to award them attorneys' fees, that information "must be revealed." *See Id.* at 547. After reviewing the documents, the Court does not believe that these documents are appropriately restricted and DENIES defendant's motions. Therefore, in accordance with General L. R. 79(d)(2), the documents will be publicly filed by the Clerk of Court.

## CONCLUSION

**IT IS HEREBY ORDERED** that, ScentAir's motion for attorneys' fees, (ECF No. 83), is **GRANTED** and ScentAir is entitled to **$29,383.20 in attorneys' fees** and **$3,431.26 in costs**. The judgment previously entered December 2, 2020 is hereby amended to reflect that Prolitec shall pay to ScentAir $29,383.20 in attorneys' fees and $2,587.26 in costs.

Dated at Milwaukee, Wisconsin on January 27, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge